UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
WILLIAM KING MOSS III,

Plaintiff,

v.

BRENTWOOD UNION FREE SCHOOL DISTRICT, et al.,

Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-4008-SJB-SIL

**BULSARA, United States District Judge:**

Pro se Plaintiff William King Moss III ("Moss") alleges that Defendants discriminated against him when they did not hire him for the open "Department Head of English as a New Language and Bilingual Content Area Instruction" position ("ENL Position") in violation of federal antidiscrimination law ("Federal Action"). (Compl. dated July 25, 2025 ("Fed. Compl."), Dkt. No. 1 ¶¶ 47–66).

Moss previously filed an action in state court against these same defendants—namely the Board of Education of the Brentwood Union Free School District and Brentwood Union Free School District; Superintendent Richard Loeschner and Interim Superintendent Wanda Ortiz-Rivera; Trustees Eileen Felix, Cynthia Ciferri, Julia Burgos, Hassan Ahmed, Maria Malave, Brandon Garcia, and Eileen Harmon; and Meredith Foraker, who received the ENL Position—alleging discrimination in violation of state law in failing to hire Moss for the ENL Position. *See Moss v. Bd. of Educ. of the Brentwood Union Free Sch. Dist.*, No. 630430/2024 (Sup. Ct.) (the "State Action"). Moss alleged multiple violations of New York law by Defendants in filling the same ENL

Position, including breach of contract, tortious conduct, and violations of the state's constitution, human rights law, and civil rights laws. (State Action Compl. dated Jan. 6, 2025, Dkt. No. 17 at ¶¶ 319–535 ("State Compl.") (causes of action)). His claims in state court were dismissed with prejudice for failure to comply with statutory conditions precedent and for failure to state a claim. (State Action Order on Motions dated Aug. 18, 2025, Dkt. No. 55 at 1–2 ("State Order")).[1]

This Federal Action was filed on July 25, 2025. Moss alleged employment discrimination by Defendants in the hiring of the ENL Position on the basis of race, color, national origin, and sex/gender. And he asserted claims under the Civil Rights Act of 1866, 42 U.S.C §§ 1981, 1983, 1985, and 1986, and Titles VI and VII of the Civil Rights Act of 1964 for monetary and injunctive relief.

---

[1] Moss "engaged in frivolous conduct in commencing [an] . . . action . . . completely without merit in law . . . [which] could not be supported by a reasonable argument for an extension, modification, or reversal of existing law, and . . . undertaken to harass the defendants." (State Order at 27). The state court noted that "plaintiff has indeed filed numerous actions against the District and defendants in the recent years, all of which apparently have been dismissed or withdrawn. It appears that when there is a posting for an administrative position within the District, plaintiff applies for the position and then sues on similar grounds as those argued in this action." (*Id.* at 26 (citations omitted); *see also* State Action Order Awarding Costs dated Oct. 21, 2025, Dkt. No. 65). Moss has done the same in this District. *See Moss v. Bd. of Educ. of the Brentwood Union Free Sch. Dist.*, No. 2:24-CV-8759 (E.D.N.Y.) (motion to dismiss pending); *Moss v. Bd. of Educ. of the Brentwood Union Free Sch. Dist.*, 2:23-CV-6571 (E.D.N.Y.) (motion to dismiss pending); *Moss v. Bd. of Educ. of the Brentwood Union Free Sch. Dist.*, 2:21-CV-5866 (E.D.N.Y) (complaint withdrawn by Moss); *Moss v. Bd. of Educ. of the Brentwood Union Free Sch. Dist.*, 2:21-CV-4372 (E.D.N.Y) (complaint dismissed and motion for sanctions pending); *Moss v. Bd. of Educ. of the Brentwood Union Free Sch. Dist.*, 2:21-CV-3572 (E.D.N.Y) (complaint dismissed); *Moss v. Bd. of Educ. of the Brentwood Union Free Sch. Dist.*, 2:19-CV-2195 (E.D.N.Y) (complaint dismissed). Should Moss continue his practice of filing meritless litigation, the Court may impose filing injunctions against him.

The Court ordered the parties to brief whether this action is barred by claim preclusion, also known as res judicata, in light of Moss's prior state court litigation.[2] (Order dated Aug. 21, 2026; Defs.' Letter dated Sep. 4, 2026, Dkt. No. 30; Pl.'s Letter dated Sep. 4, 2026, Dkt. No. 35). And now, because Moss could have raised all the claims in the State Action he now brings here in the Federal Action, but failed to do so, the Court dismisses this case with prejudice.[3]

DISCUSSION

"The doctrine of res judicata [or claim preclusion] provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021) (quotations omitted). The Court "appl[ies] New York law of res judicata to claims brought under New York law." *Hansen v. Miller*, 52 F.4th 96, 101 (2d Cir. 2022); *see also Whitfield v. City of New York*, 96 F.4th 504, 522 (2d Cir. 2024) ("The full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to a state-court

[2] On May 12, 2026, the state court denied Moss's motion to vacate the August 2025 order. (State Action, Decision and Order dated May 8, 2026, Dkt. No. 88). On June 7, 2026, Moss gave notice of his intent to appeal the dismissal. (State Action Notice of Appeal dated June 7, 2026, Dkt. No. 91). That appeal remains pending. *See Moss v. Bd. of Educ. of the Brentwood Union Free Sch. Dist.*, No. 2026-6785 (2d Dep't).

[3] The fact that Moss "is proceeding *pro se* cuts against preclusion. . . . *[P]ro se* litigants . . . generally lack both legal training and experience and, accordingly, are likely to forfeit important rights through inadvertence if they are not afforded some degree of protection." *Trireme Energy Dev., LLC v. RWE Renewables Americas, LLC*, No. 24-3190, 2026 WL 2575270, at *6 (2d Cir. Sep. 1, 2026) (internal quotations and alterations omitted). Even affording this "special solicitude," however, the Federal Action is barred. *Id.* (finding res judicata bars new action despite the plaintiff proceeding pro se in original action).

judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984))). "Under New York Law, a prior court decision has claim-preclusive effect when there is: (1) a judgment on the merits from a prior action; (2) between the same parties; and (3) involving the same subject matter." *VDARE Found., Inc. v. James*, 162 F.4th 77, 83 (2d Cir. 2025) (quotations and alterations omitted).

Under these principles, the claims in this Federal Action are barred. First, the state court reached a judgment on the merits, concluding that Moss failed to state a claim and dismissing the action with prejudice. *See Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp.*, 93 N.Y.2d 375, 380 (1999) ("A dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff."); *e.g.*, *Brady v. Friedlander*, No. 20-3515, 2021 WL 5872264, at *2 (2d Cir. Dec. 13, 2021) (affirming dismissal for res judicata because "[t]he state court made clear that it was ruling on the merits when it granted [Defendant]'s motion to dismiss [Plaintiff]'s remaining claims with prejudice"); *Jefftex Int'l Ltd. v. JPI Trading Corp.*, 369 F. App'x 303, 305 (2d Cir. 2010) (affirming res judicata bar when state court dismissal was with prejudice).

And Moss's pending appeal does not prevent the application of res judicata. *See Stensrud v. Rochester Genesee Reg'l Transp. Auth.*, 669 F. Supp. 3d 186, 190 (W.D.N.Y. 2023) ("The pendency of an appeal does not deprive a judgment of preclusive effect under New York law."), *aff'd*, No. 23-0765, 2024 WL 2104604 (2d Cir. May 10, 2024); *Dukes v. Cold Spring Harbor Cent. Sch. Dist. Bd. of Educ.*, No. 20-CV-4532, 2021 WL

308341, at *7 (E.D.N.Y. Jan. 29, 2021) ("[T]he mere pendency of an appeal does not deprive a challenged judgment of its res judicata effects." (quoting *Antonious v. Muhammad*, 873 F. Supp. 817, 823–24 (S.D.N.Y. 1995), *aff'd*, 8 F. App'x 78 (2d Cir. 2001))).

Second, the parties are identical in both actions. Moss has sued the same Defendants in both cases. (*Compare* State Compl. ¶¶ 6–27 *with* Fed. Compl. ¶ 13–33.)

Lastly, the subject matter of the two actions is the same. In making this determination, "courts should analyze whether the claims turn on facts that are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage[.]" *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (2021). This is a "transactional analysis approach in determining whether an earlier judgment has claim preclusive effect, such that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy[.]" *Id.* at 112 (quotations omitted). Ultimately, "New York's transactional approach to res judicata bars a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019) (quotations omitted).

Although New York state claims are asserted in the State Action and federal claims are asserted here, the underlying facts in the complaints are identical—Moss alleges that Defendants discriminated against him when they did not hire him for the

ENL Position. (*Compare* State Compl. ¶¶ 182–93 *with* Fed. Compl. ¶¶ 226–37 (reiterating identical factual allegations in sections both titled "Related Solely to Race, Color, National Origin or Sex Discrimination")).

The federal claims are simply new legal theories that Moss could have, but chose not to, raise in the State Action. *See* N.Y. Const. art. VI, § 7 ("The supreme court shall have general original jurisdiction in law and equity[.]); *e.g.*, *Haywood v. Drown*, 556 U.S. 729, 741 (2009) (finding that New York state courts of general jurisdiction can hear § 1983 claims for damages and injunctive relief); *Campaign for Fiscal Equity, Inc. v. State of New York*, 86 N.Y.2d 307, 321–24 (1995) (resolving Title VI claim); *Jean-Louis v. Fountain House*, No. 23-CV-3891, 2024 WL 1175374, at *2 (S.D.N.Y. Mar. 19, 2024) ("New York Supreme Court has jurisdiction to adjudicate Plaintiff's Title VII claim." (citing *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 821 (1990)) (adopting R. & R.)), *appeal dismissed*, No. 24-943, 2024 WL 5516310 (2d Cir. Sept. 9, 2024); *Wimberly v. Stern*, No. 22-CV-7581, 2023 WL 6466465, at *11 (S.D.N.Y. Oct. 4, 2023) ("[B]oth [federal] statutes [can] be properly enforced in state court. Federal and State courts have concurrent jurisdiction over claims under Section 1985[.]"); *JPMorgan Chase Bank, N.A. v. Hunter Grp., Inc.*, 124 A.D.3d 727, 728 (2d Dep't 2015) (asserting jurisdiction over § 1985 and § 1986 claims).

Because these prerequisites for claim preclusion have been satisfied, each of Moss's claims is dismissed with prejudice. *See, e.g.*, *Barnes v. Royal Health Care LLC*, 357 F. App'x 375, 377 (2d Cir. 2009) (dismissing Title VII claims on res judicata grounds after state court dismissed tort claims also "arising from [plaintiff's] employment and

subsequent termination"); *Corbett v. City of New York*, 816 F. App'x 551, 553 (2d Cir. 2020) (finding § 1983 claims barred because they could have been raised previously in dismissed state court litigation).

Conclusion

For the reasons explained, all of Moss's claims are dismissed with prejudice. *See Vargas v. Cap. One Fin. Advisors*, 559 F. App'x 22, 24, 27 (2d Cir. 2014) (affirming res judicata dismissal with prejudice); *17 Vista Assocs. v. City of New York*, No. 95-CV-3870, 1996 WL 197762, at *7 (S.D.N.Y. Apr. 23, 1996) ("Because the claims are barred by res judicata, dismissal is with prejudice."), *aff'd*, 104 F.3d 356 (2d Cir. 1996). The Clerk of Court is directed to close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: September 28, 2026
Central Islip, New York